MARTIN, J.
delivered the opinion of the court~ The judgment of the district court is certainly erroneous in the allowance of the sum of 896 dollars, for interest during eight years, preceding the inception of the suit. There is not any stipulation for conventional interest: the sum claimed is an unliquidated one. We are at a loss to see on what ground any interest was allowed for any Period antecedent to the suit: no other demand of the money claimed appearing to have been made. For this reason, the judgment must be, and is annulled, avoided and reversed.

*12
Proceeding to inquire what judgment the district court ought to have given, we find the action brougHt on an illegal contract, and we seeK in vain for any agreement, to which the defendant gave any express or implied assent.

The facts are, that the defendant came out a passenger in the plaintiffs' ship from New-York -that in the narrows a boat approached the ship, and put aboard two slaves, the defendant's property, who were concealed under teh hatches, so long as the ship was within the reach of officers of the customs, both in New-York and in the Misissippi that the ship was seized on account of these slaves, and that the plaintiff's incurred the expenses, stated in their account, in order to procure her to be restored.
The case is that of a tort or injury, from which may result an obligation to pay damages: but, the plaintiffs have chosen to turn it into a promise to pay certain cost, which they have incurred, and which they allege were paid at the request of the defendant. If he promised to pay these costs, an action certainly lies on his promise. If they were paid. for him, and at his request, an action equally lies on the promise~ which the law raises. In neither case will be With success, contend that he committed no tortious act.
*13 The plaintiffs' counsel has cited a number of authorities from English books, tending to shew The extension given to the action for money had and received. But they are all cases of money. received by the defendant. Neither in Great Britain, the United States, nor in any country in which the distinction between actions grounded on contracts is known, was it ever successfully alleged that the commission of a tortious act is evidence of a promise to repair the injury done, by yielding damages.
The plaintiffs, by the nature of their action, have alleged a promise as the basis of thier claim.
The defendant has put this promise in issue-there is not any evidence of an express promise, and the law does not warrant us in declaring that there is an implied one. it is true, a tort is set forth in evidence, but. as the nature of the pleadings did not authorise the defendant to defend himself against this charge-as the promise, if really wade, admitted it, or waved the right of offering any thing in opposition to the charge, we cannot consider the question how far the plaintiffs have a right to indemnification.
It is therefore ordered, adjudged and decreed, the judgment be entered for the defendant, with *14 costs of suit in both courts, without any prejudice to the plaintiffs' claim for damages, if any they have.