*Ripley & Conrad* for the plaintiffs, *Hennen* for the defendants.

---

## LE BRETON vs. MORGAN.

APPEAL from the court of the parish and city of New Orleans.

A law imposing a tax on a particular parish; the object of which, is the payment of a debt due by the

PORTER, J. delivered the opinion of the court. This suit commenced by an application for an injunction to prohibit the defendant, sheriff of the parish of New-Orleans, from sel-

ling a slave of the plaintiffs, which he had <span>East'n. District.</span> seized for the payment of taxes, alleged to be *January* 1826. due to the state.

LE BRETON
*vs.*
MORGAN.

As the petition not only states the facts on which this application was made, but contains, in a condensed form, the strongest grounds by which it was supported on the argument, we deem it proper to set it out as written.

state, is not unconstitutional.
The judiciary possess the power to declare laws contrary to the constitution void.

" Your petitioner represents, that part of the taxes : viz. The additional tax imposed by the treasurer of the state, on the inhabitants of the parish of Orleans, by virtue of and in compliance with an act, entitled " An act to grant relief to Lucy B. Holland, widow of Francis Holland, deceased," passed on the 18th March, 1820, has been imposed on the said parish to procure the reimbursement of certain expenses, incurred by the governor of the state for certain works, which, without any authority to that effect, he had ordered to be done, to stop a crevasse which had broken in, on the plantation of Barthelemy Macarty, in the said parish, in the spring of the year, 1816; which work, independant of being ordered by a person who was not invested by law with any power to that pur-

Le Breton
*vs.*
Morgan.

pose, was ill judged, extravagant and turned to be of no utility to the parish; that the law thus awarding the payment of such expenses, to be made by a particular portion of the community is an *expost facto* law, and an incroachment upon the rights of another branch of the government: viz. the judiciary whose province it was to decide if the individual who had, without any authorization, incurred these expenses was entitled to a reimbursement of them, and if so, by whom that reimbursement was to be made: that consequently, the said law is unconstitutional, and not obligatory upon the citizens."

The counsel for the plaintiff, on the argument of the cause, went at some length into the question, whether this court had the power to pronounce an act of the legislature, unconstitutional. Were the question doubtful, the authorities he read might well be considered as settling it; but any reference to them, to support the position assumed, was unnecessary in this court. It is a subject on which we never had a doubt, nor have none at this moment. We have, already, more than once found it our duty, to express our convictions on this point. The right, nay,

the necessity of the judiciary exercising this power, is so inevitably the consequence of our living under a government of laws: of the constitution or form of that government being the supreme law of the land, and of that constitution containing an express provision, that all laws made by the legislature, contrary to it, *are null and void ;* that the mere statement of the premises, carries the mind at once, to the conclusion; and we feel that it is one of those self evident propositions, which requires no aid from argument, and can receive none from authority.    3 *Mart.* 12, 352. *Vol.* 3, 472.

Conceiving it therefore clear, that an act which the constitution declares to be *null and void,* cannot have *force and effect* given to it by the judiciary, we proceed to examine, whether the enactment of which the plaintiff complains, be of that nature.

The prohibition in the constitution, against the passage of *ex post facto* laws, applies exclusively to penal, or criminal cases.   Such is the construction of these words, in the constitution of the United States, antecedent to the formation of the government of Louisiana, and we have no reason to doubt they were

East'n. District. used, in their then ascertained and technical
*January* 1826.
meaning, by the convention of this state.   3
Le Breton       *Dallas,* 386.     4 *ibid.* 14.     7 *Johnson,* 488.   1
*vs.*
Morgan.        *Blackstone's com.* 46.

The constitution of this state having affixed
no limits to the exercise of the power of taxation by the legislature, it is difficult to suppose even a case, in which the exercise of
that power could be considered unconstitutional, or properly become the subject of judicial interference.   The only objections that
can be made to acts raising revenue is their
inexpediency, or injustice, and both these are
exclusively for the consideration of those
with whom the constitution has deposited this
power.   We are unable, notwithstanding the
argument at the bar, to discover any strength
in the position; that in the passage of this
law, the legislature trenched on, and invaded
the functions of the judiciary.   Had, indeed,
the legislature declared *that according to the
laws in force,* A. B. or C. should pay the individual by whom these services were rendered,
another question would have been presented
for our consideration.   But this is what they
have not done.   They have passed a law in
the exercise of a power which is exclusively

theirs, to raise a revenue out of which he shall be paid, and the circumstance of there not being any previous law which would authorise this payment, can furnish no ground to declare it unconstitutional. If it did, the same objection would apply to every act of the general assembly to raise money for the discharge of any just claim on the government. The legislature had as much right to direct that the money to be paid this individual, should be raised by a new tax, as they had to order the payment out of any monies unappropriated in the treasury; and they had the same right to order it to be paid by a tax on the parish of New-Orleans, as they had to levy it off the whole state; for there is nothing in the constitution which declares that taxation must be uniform. If the *motives*, which induced the legislature to pass laws of this kind, were sufficient to render them unconstitutional. there is scarcely one of their acts to raise money, that would not be void. These motives are not always avowed, but we know, in point of fact, that taxation is as often resorted to, to pay those to whom the state is indebted, or whom it may desire to remunerate for services rendered, as to create a fund out

East'n. District.
*January* 1826.

LE BRETON
*vs.*
MORGAN.

of which future obligations are to be discharged. In all these cases it might be said, with the same truth and force as in the present: go to the judiciary if there be any law to pay you; and if there is not, the legislature cannot come to your relief, because in doing so, they decide that the whole, or a part of the state must pay. The legislature certainly exercise *their judgment*, in deciding what taxes shall be levied, by whom they shall be paid, and how they shall be applied, but they touch not the authority of the judiciary in doing so. All these powers are by the constitution exclusively, and wisely, confided to the representatives of the people.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Derbigny* for the plaintiff, *Preston* for the defendant.